IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rosella Hunt                              :
                                          :     Case No. C-1-04-769
                    Plaintiff             :
                                          :     District Judge Susan J. Dlott
        v.                                :
                                          :     ORDER DISMISSING CLAIMS
Sycamore Community School District        :     AGAINST JOHN AND JANE
Board of Education *et al.*                :     DOE DEFENDANTS
                                          :
                    Defendant             :


This matter comes before the Court on Jeffry Fiely's and Karen Kramer's Motion to

Dismiss.  (Doc. #4.)  Plaintiff Rosella Hunt filed suit against Sycamore Community School

District Board of Education, Dr. Karen Mantia, the superintendent of the Sycamore school

district, and against "John and Jane Doe, Parents of Minor, AKF."  (Doc. #1.)  Fiely and Kramer,

AKF's parents, move to dismiss Hunt's complaint, arguing that they were never actually named

as parties to the lawsuit because Hunt named only two fictitious entities, "John and Jane Doe,

Parents of Minor, AKF."  Fiely and Kramer argue that because they were never named as

defendants to this lawsuit, any claims against them are time-barred and should be dismissed.

I.      BACKGROUND

        On November 12, 2004, Hunt filed her complaint alleging federal civil rights violations

and negligence claims arising from an incident that took place on December 2, 2002.  Pursuant

to Ohio Revised Code section 2305.10, such claims are subject to a two year statute of

1

limitations.  In her complaint, Hunt named as defendants the Sycamore Community School District Board of Education, Dr. Karen Mantia, the superintendent of the Sycamore school district, and "John and Jane Doe, Parents of Minor, AKF."  Sycamore and Mantia were properly served within the 120 days provided by Federal Rule of Civil Procedure 4(m).  Fiely and Kramer, AKF's parents, were served on April 20, 2005, outside the 120 day window for service.  (Doc. #6, ex. G.)

Fiely and Kramer now move to dismiss Hunt's complaint on the grounds that they are not named defendants to the suit, since Hunt named two fictitious entities, and that the statute of limitations has run such that Hunt may not amend her complaint to add Fiely and Kramer as defendants.  Hunt argues that her designation of Fiely and Kramer as "John and Jane Doe, Parents of Minor, AKF" was proper to protect AKF's privacy but that should the Court decide otherwise, Hunt should be allowed to amend her complaint to name Fiely and Kramer.

## II.    ANALYSIS

Federal Rule of Civil Procedure 10(a) requires that "[i]n the complaint the title of the action shall include the names of all the parties . . . ."  Fiely and Kramer argue that they are not named defendants in this case and oppose an amendment on the grounds that the statute of limitations has run on Hunt's claim against them.  They further assert that any proposed amendment does not "relate back" to Hunt's original complaint under Federal Rule of Civil Procedure 15(c)(3), which allows a plaintiff to amend her complaint to change the party or the naming of the party against whom a claim is asserted under certain circumstances.

Hunt does not argue that a proposed amendment would relate back to her original complaint.  Rather, she contends that Fiely and Kramer are named defendants in this case

2

because their designation as "John and Jane Doe, Parents of Minor, AKF" was proper.  Hunt argues that "courts have permitted such a designation in extraordinary cases where the issues involved are of a 'sensitive and highly personal nature.'" (Doc. #6 at 6) (citations omitted).  Hunt argues that in a case such as this one where a minor child's medical and educational information is intertwined with Hunt's claims, Hunt's use of a pseudonym in identifying both the minor child and her parents is legally proper and, therefore, 1) Fiely and Kramer have been designated as defendants, and 2) no amendment to the complaint is necessary.

The cases that Hunt cites for the proposition that she may choose to designate a known defendant with a fictitious name all deal with the situation in which a plaintiff seeks to file a lawsuit under a pseudonym.  Hunt is correct that whether a plaintiff is a child is one factor that a court may consider in determining whether an exception applies to Rule 10(a)'s requirement that all parties be named in the complaint.  See Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004).  Even in the case of a plaintiff wishing to proceed pseudonymously, however, the plaintiff would file a protective order allowing him or her to proceed under a pseudonym.  See id.  The Sixth Circuit has held that failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case because "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."  Citizens for a Strong Ohio v. Marsh, No. 04-3112, 123 Fed.Appx. 630, 637 (6th Cir. Jan. 3, 2005) (quoting Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs, 886 F.2d 1240, 1245 (10th Cir. 1989)).

Those cases are not precisely on point, however, because "John and Jane Doe" in this case are entities known to Plaintiff, not plaintiffs wishing to proceed pseudonymously.  Further, no party to this lawsuit is a minor child – John and Jane Doe are designated as parents of minor

AKF, who is not named as a party to this lawsuit.[1]  Finally, although Fiely and Kramer were served with the summons and complaint, such service was not effected until well past the 120 day limit of Federal Rule of Procedure 4(m).  Several courts have recognized that John Doe defendants must be identified and served within 120 days of filing pursuant to Federal Rule of Civil Procedure 4(m).  See Aviles v. Village of Bedford Park, 160 F.R.D. 565, 567 (N.D. Ill. 1995) (collecting cases).

Because Hunt has designated as defendants two fictitious entities, John and Jane Doe, rather than naming parties as required by Rule 10(a), this Court **DISMISSES WITHOUT PREJUDICE** the claims against the John and Jane Doe defendants.  Hunt may move for leave to amend the complaint should she so choose.

IT IS SO ORDERED.


___s/Susan J. Dlott_____
Susan J. Dlott
United States District Judge

---

[1]Hunt cites privacy concerns for minor child AKF as her reason for designating Fiely and Kramer with fictitious names.  In paragraph 17 of the complaint, however, Hunt actually refers to the child by her first name.